UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81038-Middlebrooks-Brannon

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PALM HOUSE HOTEL, LLLP, *et al.*,

    Defendants and Relief Defendants.
_____/

SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR APPROVAL OF
ALTERNATIVE METHODS OF SERVICE ON DEFENDANT JOSEPH WALSH, SR.

    Pursuant to Fed. R. Civ. P. 4(f)(3), the Securities and Exchange Commission moves the Court to approve alternative service on defendant Joseph Walsh, Sr. ("Walsh") by service upon his Florida-based attorney in a related matter and by email.  Rule 4(f)(3)'s requirements for alternative service are satisfied here.  Walsh is a United States citizen who left the United States and took up residence in the Republic of China after questions were raised about his business dealings.  Walsh has actual notice of the Commission's Complaint and the summons issued as to him, having filed a motion with this Court as recently as August 31, 2018 [D.E. 12], and has been aware of the Commission's investigation since at least February 2017, when the Commission staff questioned Walsh at its offices in Miami.  In addition, the Commission has evidence of an email address Walsh has used as early as January 1, 2012, and as recently as August 28, 2018, which he continues to use after his move to Hong Kong.  Given the nature of the allegations and relief sought by the Commission—including a request for the disgorgement of over $13 million Walsh misappropriated from investors—it is important that he be served as expeditiously as possible.

I.     STATEMENT OF FACTS

A. The Commission's Case

The Commission's Complaint alleges that Walsh and codefendant Robert Matthews, and the entities they controlled, engaged in various violations of federal law involving the offering and sale of securities through a scheme to defraud 88 foreign investors participating in an Immigrant Investor Program (the "EB-5 Program") administered by the United States Citizenship and Immigration Services. [D.E. 1.] The EB-5 Program provides foreign nationals the opportunity to qualify for permanent residency in the United States through the investment of money in projects in the United States which, among other things, create a certain number of jobs. (*Id.*) By way of numerous misrepresentations and omissions of material facts, the Defendants were allegedly able to obtain approximately $43,991,558 in investor funds that purportedly would be used to acquire, develop, and operate the Palm House Hotel located in Palm Beach, Florida. (*Id.*)

Of this amount, Walsh misappropriated at least thirteen million dollars of investor funds (and Matthews misappropriated millions more), to finance personal transactions, including purchases of real estate by entities controlled by them, to purchase and pay for expenses associated with a 151-foot yacht, and to purchase Matthews' former $4.5 million Connecticut mansion out of foreclosure, among other things. (*Id.*)

Walsh was represented during the Commission's investigation by Stuart Kaplan and Joseph Sconzo from the law firm of Kaplan, Sconzo, and Parker, P.A. in Palm Beach Gardens, Florida.[1] Messsrs. Sconzo and Kaplan represented Walsh on February 23, 2017, when Commission counsel Shelly Springer-Charles took Walsh's sworn testimony at the Commission's offices in Miami, Florida. (*Id.*) At that time, Walsh testified that his current home

---

[1] Sworn Investigative Testimony of Joseph J. Walsh, Sr. ("Walsh Testimony"), Exhibit A, pp. 2, 8.

address was 9250 Belvedere Road in Royal Palm Beach, Florida. (*Id.* at 31.)  During his testimony—for which Walsh traveled from out of the country, (*Id.* at 26)—Ms. Springer-Charles inquired about Walsh's place of residence in China, but Walsh could not provide the address:

> Q: Do you have a residence -- where do you stay when you're in China?
> A: Actually, I stay in my son's apartment.
> Q: What is the address of your son's apartment?
> A: I don't know.[2]

(Id., p. 31.)  Walsh testified that he would provide the Commission with that address, but never did. Walsh also confirmed during his testimony that he had been using the e-mail address joedirect@gmail.com (the "joedirect address") since at least January 1, 2012. (Id., p. 33.)

On December 21, 2017, Commission staff sent Walsh a letter advising him that a preliminary determination had been made to recommend that the Commission file an enforcement action in district court against him and the entities he controlled for violating the federal securities laws. ("Wells letter," Exhibit B.)  The letter, which was mailed to Walsh at the Belvedere Road address and e-mailed to Walsh at the joedirect address, included instructions for Walsh to respond to the letter if he so chose.  (Id.)  On January 9, 2018, Walsh responded to the Wells letter, which he sent as an attachment to an e-mail from the joedirect address.  ("Walsh Wells Response," Exhibit C.)  In the attached cover letter dated January 7, 2018, Walsh explained he was living in Hong Kong. (Id., p. 5.)  Walsh sent other e-mails to Commission staff from the joedirect address on January 27, 2018 (Exhibit D), and March 11, 2018.  (Exhibit E.)

The Commission filed a Complaint charging Walsh, Palm House Hotel LLLP ("PHH"), South Atlantic Regional Center, LLC ("SARC"), and United States Regional Economic Development Authority LLC, d/b/a EB5 PETITION ("USREDA") and others on August 3, 2018 [D.E. 1].  The Clerk of Court issued a summons for Walsh, PHH, SARC, and USREDA that

---

[2] Walsh testified that he would provide the address for his son in Hong Kong, (Id., p. 31-32), but he never did.

same day [D.E. 3.], and the undersigned caused those summonses to be served on PHH, SARC, and USREDA on August 6 and 7. [D.E. 4, 6, 8.] The Commission attempted to serve Walsh at four physical addresses in West Palm Beach, including the Belvedere address he identified during testimony as his own, and another address listed on his most recent Florida's driver's license, but neither was residential nor valid. (Exhibit F, Declaration of Eric Turnbaugh, ¶¶ 2-5.) Jay Gill, an individual who had access to the office at the Belvedere address, advised the Commission's process server that Walsh had been out of the country for an "extended period of time," but was nevertheless "familiar with the suit." (Id. at ¶ 5.) Other attempts to serve Walsh confirmed he had been out of the country for an extended period of time. (Id. at ¶¶ 6-7.)

On August 23, 2018, Walsh e-mailed the undersigned from the joedirect address, stating his "intent to contest the above referenced complaint." (Exhibit G, Walsh e-mail dated August 22, 2018.) The subject heading of Walsh's e-mail listed the case number assigned to this matter, 9:18-cv-81038, and identified PHH, SARC, and USREDA, his codefendants in this case. (Id.) Walsh confirmed his "direct notice" of the suit from a registered agent on August 17, 2018 and asked the undersigned for a sixty-day extension to respond to the Complaint. (Id.) On August 27, 2018, the undersigned advised Walsh via e-mail to the joedirect address that he would not object to the request, but Walsh would have to direct his unopposed request for an extension of time to respond to the Complaint to the court. (Exhibit H.) The undersigned also attached a copy of the Complaint, two copies of the summons for Walsh, a copy of Fed.R.Civ.P. 4 and the Rule 4 Notice of a Law Suit, and a waiver of summons for Walsh's signature. (Id.) The next day, Walsh replied via e-mail from the joedirect address that he would "provide the waiver as you have requested within the allotted time." (Exhibit I.)

4

On August 31, Walsh filed a letter with the Court requesting the extension on his own behalf and as General Partner of SARC and Managing Member of SARC and USREDA. [D.E. 12.] In the letter, Walsh confirmed he was out of the country, but had received "direct notice of this case" on August 17. (Id.) The return address listed on the envelope sent by Walsh was listed as 9250 Belvedere Road in Royal Palm Beach, Florida, the same business address where he had not been seen "in an extended amount of time." (Id.)

On October 16, 2018, the undersigned sent Walsh an e-mail to the joedirect address requesting an update regarding the waiver of summons the undersigned sent to Walsh via e-mail on August 27. Walsh did not respond, but the e-mail did not bounce back.[3]

B. Parallel Civil Action

On November 14, 2016, several of the same investors identified in the Commission's Complaint ("EB-5 Investors") filed a separate, parallel civil action against Walsh, Matthews, and several other individuals and entities arising out of the same conduct alleged here. *See Lan Li, et al., v. Joseph Walsh, et al.*, Case No. 9:16-cv-81871-KAM (S.D. Fla. Nov. 14, 2016) ("EB-5 Plaintiffs' Suit"). As the Commission has alleged here, the EB-5 Plaintiffs' Suit claims Walsh, Matthews, and others misappropriated millions of dollars of investor funds and made numerous material misrepresentations to investors involving the EB-5 immigrant investor program in connection with an investment in the Palm House Hotel. (Id.)

On February 24, 2017, Henry B. Handler of Weiss, Handler & Cornwell, PA in Boca Raton, Florida filed a notice of appearance on behalf of Walsh and others in the EB-5 Plaintiffs' Suit. [EB-5 Plaintiffs' Suit, D.E. 142.] The undersigned conferred with Mr. Handler on Monday October 29, 2018, and Tuesday, October 30, 2018. Mr. Handler confirmed he still represents

---

[3] More than 60 days have passed since August 27, 2018, the date Walsh received the waiver. *See* Fed.R.Civ.P. 4(d)(1)(F).

Walsh, but does not have authority to accept service of the summons in this case on Walsh's behalf. Mr. Handler also confirmed that he still communicates with Walsh using the joedirect address.

## II.     ARGUMENT

Under Rule 4(f)(3), the court may authorize an alternative service method on individuals outside the United States, as long as that method "is not prohibited by international agreement and is reasonably calculated to give notice to the defendants consistent with their constitutional due-process rights." *See CFTC v. Rubio*, 2012 WL 3614360, *2 (S.D. Fla. Aug. 21, 2012) (Rosenbaum, J.). Prior resort to other service methods is not a prerequisite to court authorization of an alternative. *See Brookshire Bros., Ltd. v. Chiquita Brands Intern., Inc*., 2007 WL 1577771, *1 (S.D. Fla. May 31, 2007) ("The invocation of Rule 4(f)(3) . . . is neither a last resort nor extraordinary relief."); *see also Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015). Due process is satisfied when "[t]he alternative method of service . . . provide[s] 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Abercrombie & Fitch Trading Co. v. 7starzone.com*, 2014 WL 11721486, *2 (S.D. Fla. Mar. 11, 2014) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### A.     Service on Counsel

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters—to which China is a signatory[4]—applies only to "a transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Therefore, the Convention "does not prohibit an order

---

[4] https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

pursuant to Rule 4(f)(3) permitting service through American counsel." *RSM Prod. Corp. v. Fridman,* 2007 WL 2295907, *3 (S.D.N.Y. Aug. 10, 2007); *accord Atlas One Financial Group, LLC v. Alarcon*, 2014 WL 12571403, *3 (S.D. Fla. Feb. 28, 2014) ("[T]he Hague Convention does not apply to Plaintiff's request to serve Defendants through U.S. counsel.").

Service on counsel is permitted irrespective of whether the defendant has authorized counsel to accept service on his behalf. *See Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 83 (D.C. Cir. 2014); *CFTC v. Aliaga*, 272 F.R.D. 617, 620 (S.D. Fla. 2011) (authorizing service on counsel notwithstanding counsel's statement that "he is not authorized to accept service of process on behalf of either defendant").

Service on American counsel of a party defending a separate lawsuit also comports with due process. *Brookshire Bros.*, 2007 WL 1577771, at *2. Here, Walsh has already acknowledged having received notice of the suit against him and his related entities. [D.E. 12.] Moreover, the undersigned has attempted on numerous occasions to serve Walsh at addresses he lists as current (including in filings with the court), but in fact are not. Proper service can be achieved through Walsh's local counsel, Henry Handler, who has been representing Walsh since 2016 in a similar suit brought by the investors Walsh defrauded in this case. "In order to prevent [further] delays in litigation, service upon [Walsh] through counsel is appropriate." *Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).

**B.   Email**

Email service is not prohibited by international agreement. Article 10 of the Hague Convention states: "Provided the State of destination does not object, the present Convention "shall not interfere with the freedom to send judicial documents, by postal channels, directly to

7

persons abroad."[5] Although China objects to Article 10,[6] email is not a "postal channel" within the meaning of the Convention. *See Fisher v. Petr Konchalovsky Foundation*, 2016 WL 1047394, *2 (S.D.N.Y. Mar. 10, 2016); *Bazarian International Financial Associates, L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016); *Stat Medical Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947, *4 (S.D. Fla. Sept. 14, 2015).[7] Therefore, service by email is not prohibited by international agreement.

Email service is also consistent with due process, as Courts in this district have frequently found. *See Stat Medical Devices*, 2015 WL 5320947, *1 (proposed email address was "valid and active"); *Abercrombie & Fitch Trading Co. v. 2cheapbuy.com*, 2014 WL 11706443, *1 (S.D. Fla. Mar. 5, 2014) (email addresses were "operational and a reliable means of communicating with Defendants"); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012) (plaintiff's attorney had had several email communications with defendant); *Rubio*, 2012 WL 3614360, *1 (defendant had identified his email address in sworn testimony and plaintiff had received confirmations of deliveries of emails sent to the address); *Aliaga*, 272 F.R.D. at 620 (customers had recently received emails from the defendant).

Here, Walsh has been using the joedirect address as early as January 2012 and as recently as this month according to Mr. Handler and the undersigned's attempts to follow up with Walsh. *See Chanel v. Zhixian*, 2010 WL 1740695, 2 (S.D. Fla. April 29, 2010) *citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (finding e-mail sent to an address supplied by defendant to its domain name registrar did not bounce back and presumably reached

---

[5]Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10(a), *concluded* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765.

[6]https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1101&disp=resdn

[7]While some district courts have disagreed, "the trend is clearly toward an interpretation of Article 10 that email is not construed as a 'postal channel[].'" *SEC v. Craven*, 2015 WL 9275741, *1 n.2 (W.D. Ky. Dec. 18, 2015).

defendant). Therefore, the Court should permit the Commission to serve Walsh by email at the joedirect address.

## CONCLUSION

For the reasons stated above, the Commission requests that the Court grant the Commission's Motion for Approval of Alternative Methods of Service.

Dated: October 31, 2018　　　　　　　　　　　　　Respectfully submitted,


By: s/Alejandro O. Soto
Alejandro O. Soto
Senior Trial Counsel
Fla. Bar No. 0172847
Telephone: (305) 982-6313
E-mail: sotoal@sec.gov

**Attorney for Plaintiff**
**Securities and Exchange Commission**
801 Brickell Avenue, Suite 1800
Miami, FL 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.


s/*Alejandro O. Soto*
Alejandro O. Soto