UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81038-DMM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PALM HOUSE HOTEL, LLLP, *et al.*,

    Defendants and Relief Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO MODIFY THE EXISTING TRIAL DATE**

Plaintiff, Securities and Exchange Commission (the "Commission"), files this Unopposed Motion to Modify the Existing Trial Date, which is currently set for the two-week trial calendar beginning April 29, 2019 at 9:00 a.m., and states:

1. The Commission filed its Complaint on August 3, 2018 [D.E. 1].

2. The Complaint alleges that Defendants Robert V. Matthews ("Matthews"), Joseph J. Walsh, Sr. ("Walsh"), and the four entities they controlled engaged in multiple violations of federal law involving the offer and sale of securities through a scheme to defraud 88 foreign investors participating in an Immigrant Investor Program (the "EB-5 Program") administered by the United States Citizenship and Immigration Services ("USCIS"). [D.E. 1.] The EB-5 Program provides foreign nationals the opportunity to qualify for permanent residency in the United States through the investment of money in projects in the United States which, among other things, create a certain number of jobs. (Id.) By way of numerous misrepresentations and omissions of material facts, the Defendants were able to obtain approximately $43,991,558 in investor funds that purportedly would be used to acquire, develop, and operate the Palm House Hotel ("Hotel") located in Palm Beach, Florida. (Id.)

3. This case is currently scheduled for trial on April 29, 2019, with a discovery cut-off of February 11, 2019. [D.E. 26.]  In its current setting, with approximately 120 days of discovery (measured from the date of the October 3, 2018, Scheduling Order), this case has been assigned to an expedited track, one typically reserved for "non-complex" cases.  *See* S.D. Fla. L.R. 16.1(a)(2)(A).   But this is not a simple case.

4. The following factors are considered in evaluating and assigning cases to a particular track: (1) the complexity of the case, (2) the number of parties, (3) the number of expert witnesses, (4) volume of evidence, (5) problems locating or preserving evidence, (5) the time estimated by the parties for discovery, and (6) the time reasonably required for trial, among other factors.  *See* S.D. Fla. L.R. 16.1(a)(3). The majority of civil cases will be assigned to a standard track.  *Id.*

5. Many of these factors weigh in favor of assigning this case to a standard, if not a complex track.  First, this is a complex case involving multiple alleged violations of the federal securities laws in which investors were not only promised a return on their investment, but permanent residency in the United States through the EB-5 program administered by USCIS. The defendants are alleged to have defrauded the investors through multiple false and misleading representations involving: (1) the use of their funds; (2) the escrowing of investor funds; (3) the existence of conditions precedent to loan disbursements to Palm House LLC ("Palm House") (the entity charged with developing the Hotel); (4) the guaranteed return of investor funds if the investors' petitions to USCIS were denied; (5) Walsh and Matthews' backgrounds; (6) the preparation and periodic disclosure to investor of financial reports by defendant Palm House Hotel LLLP ("PHH"); (7)  Palm House' repayment of the loan in monthly installments; and (8) Palm House's purported ownership of and investment in the Hotel prior to the PHH offering.

[D.E. 1, ¶3.]  They are also alleged to have misappropriated half of the nearly $43 million invested.  (Id.)  This is a complex case.

6. While the only party to file an Answer to the Commission's Complaint thus far is Matthews [D.E. 22]—one of the two architects of the alleged fraud—the Commission has filed a motion to serve Walsh, the other architect of the alleged fraud (and current Hong Kong resident), through alternative methods of service.  [D.E. 34.]  If the Court grants the Commission's motion, the case will likely proceed against the two most culpable parties to the alleged fraud.

7. The volume of evidence also weighs in favor of assigning this case out of the non-complex track.  The undersigned delivered the Commission's Rule 26(a)(1)(A) initial disclosures to Matthews on October 3, 2018, listing forty individuals with knowledge, and an investigative file totaling approximately 300 GBs of data.  The scheme by Matthews, Walsh, and their related entities defrauded at least 88 investors, nearly all of whom reside outside of the United States.  Moreover, nearly all of the investments into the fund are international in nature, and the transfers in furtherance of the fraud involve multiple transfers through multiple individuals and corporate entities.  Consequently, there are likely to be documents held by parties and non-parties residing or operating outside the United States, and issues involving the scheduling of depositions of individuals who reside outside of the United States, which again weighs in favor of reassigning this matter out of its current, expedited track.

8. Discovery is also expected to involve a large production of documents by multiple parties.  The Commission's production of Rule 26(a)(1)(A) documents alone is approximately 278,000 pages.  Also, the Commission expect to have to depose several individuals (several of whom are listed in the Joint Discovery Plan filed contemporaneously herewith), including two

expert witnesses, a forensic accountant and an expert in the EB-5 Program. Matthews has also identified several individuals he expects to depose in the Parties' Joint Discovery Plan.

9. Moreover, discovery is expected to be complicated by the fact that the EB-5 investors filed a separate, parallel civil action in November 2016 against Walsh, Matthews, and several other individuals and entities arising out of the same conduct alleged here. *See Lan Li, et al., v. Joseph Walsh, et al.*, Case No. 9:16-cv-81871-KAM (S.D. Fla. Nov. 14, 2016) ("EB-5 Plaintiffs' Suit"). As the Commission has alleged here, the EB-5 Plaintiffs' Suit claims Walsh, Matthews, and others misappropriated millions of dollars of investor funds and made numerous material misrepresentations to investors involving the EB-5 immigrant investor program in connection with an investment in the Palm House Hotel. (*Id.*)

10. The EB-5 Plaintiffs' Suit, which the raises same issues and has overlapping factual allegations, was designated a complex case and set for trial in June of 2020. [EB-5 Plaintiffs' Suit, D.E. 283.] And while the undersigned does not expect, as the EB-5 Plaintiffs have suggested, that this case will take nine weeks to try—two to three weeks is more likely—this factor also weighs in favor of reassigning this case out of its current track and into a standard track. *See* S.D. Fla. L.R. 16.1(a)(2)(B) (cases requiring three to ten days of trial may be assigned to a standard track.).

11. Accordingly, the Commission respectfully recommends that this case be assigned to the standard track outlined in Local Rule 16.1(a)(2)(B), which permits discovery to be completed within 180 to 269 days from the date of the Court's October 3, 2018 Scheduling Order. In summary, the Commission's unopposed proposal is as follows:

| Event | Per Court's October 3, 2018 Scheduling Order | Commission's Proposed Dates |
|---|---|---|
| Discovery Plan Filed | 10/31/2018 | No change |
| Joinder of Additional Parties | 10/22/2018 | 4/5/2019 |
| Motions for Class Certification | 11/5/2018 | Deleted as inapplicable |
| Fact Discovery Completed | 2/11/2019 | 6/7/2019 |
| Expert Witness Disclosure (to include all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and (C)) | 11/19/2018 | 6/21/2019 |
| Rebuttal Expert Witness Disclosure (to include all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and (C)) | Not specified | 7/19/2019 |
| Expert Witness Discovery Completed | Not specified | 8/16/2019 |
| Mediation | 60 days before trial | same |
| Dispositive Pretrial Motions, Summary Judgment and *Daubert* Motions | 2/25/2019 | 9/20/2019 |
| Joint Pretrial Stipulation | 4/1/2019 | 11/1/2019 |
| Motions in Limine | 2/25/2019 | 11/8/2019 |
| Objections to Deposition Designations | 4/15/2019 | 11/25/2019 |
| Jury Instructions | 4/22/2019 | 12/2/2019 |

WHEREFORE, the Commission respectfully moves unopposed to modify the trial setting as set forth herein.

Dated: October 31, 2018  Respectfully submitted,

By: s/*Alejandro Soto*
Alejandro Soto
Senior Trial Counsel
Florida Bar No. 172847
Direct Dial: (305) 982-6313
E-mail: SotoAL@sec.gov

**ATTORNEY FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/*Alejandro O. Soto*
Alejandro O. Soto