UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-cv-81038-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PALM HOUSE HOTEL, LLLP, et al.,

    Defendants and Relief Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ALTERNATIVE METHODS OF SERVICE

THIS CAUSE comes before the Court upon Plaintiff Securities and Exchange Commission's ("Plaintiff") Motion for Approval of Alternative Methods of Service on Defendant Joseph Walsh, Sr. ("Motion"), filed on October 31, 2018. (DE 34). Plaintiffs seek to serve Defendant Joseph Walsh, Sr. ("Defendant Walsh") through his counsel and by email. For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

On August 3, 2018, Plaintiff initiated this action against Defendants Palm House Hotel LLLP, South Atlantic Regional Center, LLC, Joseph Walsh, Sr., and Robert V. Matthews and Relief Defendants 160 Royal Palm, LLC and United States Regional Economic Development Authority LLC, d/b/a EB5 Petition, alleging violations of the antifraud provisions of federal securities laws. (DE 1). Summonses were issued as to all Defendants on August 3, 2018, and subsequently returned executed as to all except Defendant Walsh. (DE 4; DE 5; DE 6; DE 8; DE 9).

Plaintiff attests that it attempted to serve Defendant Walsh at four physical addresses in West Palm Beach, but that the addresses were neither residential nor valid. (DE 34-6). Plaintiff

states that attempts to serve Defendant Walsh establish that he has been out of the country for an extended period of time. (*Id.*). Although he had not been served, Defendant Walsh sent an email to Counsel for Plaintiff on August 23, 2018, expressing intent to contest this action and notifying Plaintiff that he was requesting a 60-day extension of the deadline to respond to Plaintiff's Complaint. (DE 34-7). Defendant Walsh subsequently moved to extend by 60 days the answer deadline for Defendant Palm House Hotel, LLLP, of which he is the General Partner, Defendant South Atlantic Regional Center, LLC of which he is the Managing Member, and Relief Defendant United States Regional Economic Development Authority LLC, of which he is the Managing Member. (DE 12). The Court granted the motion in part, extending the deadline for Defendants Palm House Hotel, LLLP, South Atlantic Regional Center, LLC, and United States Regional Economic Development Authority, LLC to respond to the Complaint to September 28, 2018. (DE 13). None of these Defendants responded to the Complaint by this deadline, and Plaintiff moved for and subsequently received a Clerk's Entry of Default against them, as well as 160 Royal Palm, LLC.

Through the investigation that preceded this action, Plaintiff determined that Defendant Walsh currently lives at an unknown address in Hong Kong. (DE 34-3 at 5). Plaintiff now seeks to serve Defendant Walsh through service upon Defendant Walsh's Counsel in a related action and by email.

## LEGAL STANDARD

Fed. R. Civ. P. 4(f) provides that "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). A

2

party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief. *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at * 1 (S.D. Fla. 2007) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court. *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-21962, 2007 WL 1577771, at * 2 (S.D. Fla. 2007). The Court examines three factors in determining whether to exercise its discretion and permit alternative service of process as requested by Plaintiffs: (1) the Court must be satisfied "that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"; (2) "the Court must determine if the proposed method of service minimizes offense to foreign law"; and (3) "the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f)." *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (internal quotations omitted).

## ANALYSIS

Upon a careful review of Plaintiff's Motion and the affidavits and exhibits attached thereto, I find that there is good cause for allowing service by counsel and by email.

**1. Service by Counsel**

3

Plaintiff seeks to engage Defendant Walsh in this action by service upon his counsel. On November 4, 2016, a group of investors instituted a civil action against Defendants Walsh and Matthews, as well as several other entities. *See Lan Li, et al., v. Joseph Walsh, et al.*, Case No. 9:16-cv-81871-KAM (S.D. Fla. Nov. 14, 2016) ("*Li et al.*"). On February 24, 2017, Henry B. Handler of Weiss, Handler & Cornwell, PA filed a Notice of Attorney Appearance on behalf of Defendant Walsh and several others. (*Li et al.*, DE 142). Counsel for Plaintiff asserts that he conferred with Mr. Handler on October 29–30, 2018, and that Mr. Handler confirmed that he still represents Defendant Walsh in *Li et al.*, but is not authorized to accept service in this matter on Defendant Walsh's behalf.

Based on Mr. Handler's continued representation of Defendant Walsh in *Li et al.*, and based on Plaintiff's assertion that Mr. Handler is still in communication with Defendant Walsh, the Court is satisfied that service on Mr. Handler is reasonably calculated to apprise Defendant Walsh of this action and afford him an opportunity to present his objections. *Hernandez*, 126 F. Supp. 3d at 1364. Additionally, service on local counsel in the United States is not prohibited by international law. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), to which both the United States and the People's Republic of China are signatories, does not bar service in the United States or apply where address of the person to be served is unknown. *Atlas One Fin. Grp., LLC v. Alarcon*, No. 12-CV-23400, 2014 WL 12571403, at *3 (S.D. Fla. Feb. 28, 2014). Finally, although alternative service through Rule 4(f)(3) is not considered to be extraordinary relief or a last resort, *Brookshire Bros.*, 2007 WL 1577771 at * 2, the Court finds that the facts and circumstances warrant the exercise of discretion. Plaintiff has demonstrated diligence in its

4

efforts to serve Defendant Walsh through traditional means and demonstrated the need to utilize alternative procedures. (DE 34-1 at 33; DE 34-6).

Mr. Handler's statement that he is not authorized to accept service does not alter this analysis. An attorney's lack of authority to accept service on behalf of a client does not prevent a court from authorizing such service under Rule 4(f)(3). *See U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619–20 (S.D. Fla. 2011) (authorizing service on foreign defendants through local counsel who stated that "he is not authorized to accept service of process on behalf of either defendant"); *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014) (collecting cases).

### 2. Service by Email

Plaintiff also seeks to serve Defendant Walsh through email addressed to "joedirect@gmail.com." Plaintiff provides several exhibits showing that joedirect@gmail.com is Defendant Walsh's current email address, at least as recently as August 29, 2018. During the investigation preceding the filing of this civil action, Defendant Walsh used the address to contact Plaintiff, and he has since used the address to contact Plaintiff during the pendency of this suit (DE 34-3; DE 34-9). Moreover, Plaintiff asserts that Mr. Handler, who represents Defendant Walsh in *Li et al.*, stated in October of 2018 that "he still communicates with Walsh using the joedirect address." (DE 34 at 6).

The Court is satisfied that service to joedirect@gmail.com is reasonably calculated to apprise Defendant Walsh of this action and that the circumstances warrant an exercise of discretion under Rule 4(f)(3). *See Hernandez*, 126 F. Supp. 3d at 1364. Because Defendant's Hong Kong address is unknown, the Court also finds that service by email would not violate the Hague Convention or be offensive to the law of the People's Republic of China. *Id.* at 1365

("[T]his district has confirmed that a proposed alternative method of service of process is not offensive to the forum's law if such method is not 'expressly prohibited' by the forum's law."); *Chanel, Inc. v. pvbag.com*, No. 13-23896-CIV, 2013 WL 12065875, at *2 (S.D. Fla. Nov. 6, 2013) (permitting service by email to a defendant purportedly located in China). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Approval of Alternative Methods of Service on Defendant Joseph Walsh, Sr. (DE 34) is **GRANTED**. Plaintiff shall serve Defendant Joseph Walsh, Sr. with the summons and complaint, and any other documents in this case, by e-mail to joedirect@gmail.com and by his attorney Henry B. Handler of Weiss, Handler & Cornwell, PA. Plaintiff must effectuate the service of process authorized herein on or before November 12, 2018.

**SO ORDERED** in Chambers at West Palm Beach, Florida, this ___ day of November, 2018.

　　　　　　　　　　　　　　　　　　　　　DONALD M. MIDDLEBROOKS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies to:　Counsel of Record