UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:18-cv-81038-DMM

**SECURITIES AND EXCHANGE COMMISSION,**

    **Plaintiff,**

v.

**Palm House Hotel, LLLP, *et al.*,**            **[PROPOSED]**
                                                    **DEFAULT JUDGMENT**

    **Defendants and Relief Defendants.**
_____/

THIS MATTER is before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Joseph J. Walsh, Sr.'s Answer and Enter Default Judgment Against Him Pursuant to Fed. R. Civ. P. 37 and 55(b)(2) (DE __). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    This Court has personal jurisdiction over Walsh and the subject matter of this action. Venue is proper in the Southern District of Florida.

2.    Walsh was properly served with a summons and a copy of the Complaint pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure after Plaintiff Securities and Exchange Commission ("Commission") moved for approval of alternative methods of service which the Court granted on November 6, 2018 (DE 36). Thus, Walsh has proper notice of this action.

3.    Walsh filed his Answer on December 14, 2018. (DE 41.)

4.    On January 18, 2019, the Court granted a motion to withdraw as counsel filed by Criscione Ravala, LLP, the then attorney of record for Walsh, and ordered Walsh to retain new counsel on or before February 4, 2019 or to advise the Court if he intended to proceed *pro se* and, if so, to include in the notice his current residential address. (DE 48.) The Court also directed the

Commission to serve all papers on Walsh by email to his personal email address and to the offices of Walsh's attorneys in China, Lehman, Lee & Xu. (*Id.*)

5. Notwithstanding the Court's January 18, 2019 order setting a February 4, 2019 deadline for Walsh to obtain new counsel or advise the Court if he intended to proceed *pro se*, Walsh did not comply with the order.

6. On February 7, 2019, the Commission sent a letter to Walsh – both to his personal email address and to Defendants' counsel in China – which provided notice that the deadline for Walsh to obtain new counsel or advise the Court that he intended to proceed *pro se* had passed. The February 7th letter also informed Walsh of the Court's two case scheduling orders (DE 26, 47), which were enclosed with the letter, and that Walsh was required to comply with pretrial discovery in accordance with S.D. Fla. L.R. 16.1 and 26.1, the Federal Rules of Civil Procedure and this Court's orders. (*Id.*) The February 7th letter further informed Walsh that he was required to make initial disclosures pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure and enclosed the Commission's First Set of Interrogatories which Walsh was required to answer by March 11, 2019. Fed. R. Civ. P. 33(b)(2). Finally, the February 7th letter requested Walsh to contact the Commission's counsel to provide available dates during the first two weeks of April for Walsh's deposition. Walsh never responded to the Commission's February 7th letter.

7. On March 19, 2019, the Commission's counsel sent Walsh an email underscoring the fact that in addition to not responding to the Commission's communications, he had also failed to comply with his discovery obligations and this Court's orders. The March 19th email requested Walsh to contact the Commission's counsel to discuss the outstanding matters no later than March 22, 2019. Walsh never responded to the Commission's March 19th letter.

8. To date, Walsh has not: (i) advised the Court that he intends to proceed *pro se*; (ii) provided the Court with a residential address; (iii) provided initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(D); (iv) served his answers, objections, or any written response to the Commission's First Set of Interrogatories pursuant to Fed. R. Civ. P. 33(b)(2); or (iv) provided Commission counsel with deposition dates despite numerous requests.

9. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), 37(b)(2)(A)(vi), 37(c)(1)(C), and 37(d)(3), the Court finds it is appropriate to strike Walsh's Answer (DE 41) and enter default judgment against him.

10. By virtue of the default judgment, Walsh "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Walsh committed the violations alleged in the Complaint.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Commission's Motion to Strike Defendant Joseph J. Walsh Sr.'s Answer and Enter Default Judgment Against Him Pursuant to Fed. R. Civ. P. 37 is **GRANTED** as follows:

1. Defendant Joseph J. Walsh Sr.'s Answer (DE 41) be and the same is hereby **STRICKEN**;

2. Pursuant to Federal Rules of Civil Procedure 54, 55 and 58, Default Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Securities and Exchange Commission and against Defendant Joseph J. Walsh Sr. upon the Complaint (DE 1) filed herein as follows:

## I. SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Walsh is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) Walsh's qualifications to advise investors, or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual

notice of this Judgment by personal service or otherwise: (a) Walsh's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Walsh or with anyone described in (a).

## II. SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Walsh is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(d) to employ any device, scheme, or artifice to defraud;

(e) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(f) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) Walsh's qualifications to advise investors, or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Walsh's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Walsh or with anyone described in (a).

### III. DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Walsh shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from August 3, 2013 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such motion:  (a) Walsh will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Walsh may not challenge the validity of the Consent or this Judgment; (c) solely for purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the

Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### IV. BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Walsh, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Walsh under this Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Walsh of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19); and

3. The Court will retain jurisdiction over the above-styled cause solely for the purpose of enforcing this Default Judgment; and

4. To the extent not otherwise disposed of herein, all pending motion are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this ____ day of _____, 2019.

_____
Donald M. Middlebrooks
United States District Judge