UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-cv-81038-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PALM HOUSE HOTEL, LLLP, et al.,

    Defendants and Relief Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT

THIS CAUSE comes before the Court on Plaintiff Securities and Exchange Commission's Motion to Strike Defendant Joseph J. Walsh, Sr.'s Answer and Enter Default Judgment Against him pursuant to Fed. R. Civ. P. 37, filed on April 16, 2019. (DE 50). Defendant Walsh has not responded to the Motion. For the following reasons, the Motion is taken under advisement.

## BACKGROUND

In this securities litigation, Plaintiff contends that Defendant Walsh, Defendant Matthews, and the entities they controlled, violated several securities laws. (DE 1). Defendants allegedly committed these violations in furtherance of a scheme where Defendants defrauded several foreign investors in connection with an Immigrant Investor Program (the "EB-5 Program"), a program administered by the United States Citizenship and Immigration Services ("USCIS"). (*Id.* at ¶¶ 2-3, 19).

The EB-5 Program, which was created by Congress in 1990, provides prospective immigrants with the opportunity to become permanent United States residents by investing in the United States. (*Id.* at 5 ¶ 15). A foreign applicant qualifies for a visa, through the EB-5 Program, by investing $500,000 or $1,000,000 (depending on the type of investment) in a commercial enterprise approved by the United States Citizenship and Immigration Service ("Immigration Service"). (*Id.* at 5-6 ¶ 16). After making this investment, the applicant may apply for a conditional green card and this green card is valid for two years. (*Id.*). If the applicant's investment creates or preserves ten jobs during that two-year conditional period,

then the applicant may apply to have the conditions removed from his or her green card. (*Id.*). If successful, the applicant would be able to live and work in the United States permanently. (*Id.*).

According to the Complaint, through an EB-5 offering of Palm House Hotel, LLP ("Palm House Hotel") limited partnership interests, Defendant Palm House Hotel raised $43,991,458 from at least 88 foreign investors from November 2012 until March 2015. (*Id.* at 6 ¶ 19). The offering materials provided to those investors indicated that the funds would be used to acquire, develop and operate a hotel (the "Project"). (*Id.*). Defendant Walsh was involved with the creation and dissemination of those material; Walsh also solicited investors through sales agents. (*Id.*). Contrary to Defendant's representations, the funds obtained from investors were not utilized in furtherance of the Project. (*Id.* at 7 ¶ 27). Instead, Walsh and other Defendants misappropriated substantial amounts of investor funds. (*Id.*).

On August 3, 2018, Plaintiff filed its Complaint against Defendants Palm House Hotel, South Atlantic Regional Center, LLC, Joseph Walsh, Sr., Robert V. Matthews, 160 Royal Palm, LLC, and United States Regional Economic Development Authority LLC. (DE 1). In the Complaint, Plaintiff alleges that Defendant Walsh has violated: 1) Section 17(a)(1) of the Securities Act (Count I); 2) Section 17(a)(2) of the Securities Act (Count II); 3) Section 17(a)(3) of the Securities Act (Count III); 4) Section 10(b) and Rule 10b-5(a) of the Exchange Act (Count IV); 5) Section 10(b) and Rule 10b-5(b) of the Exchange Act (Count V); and 6) Section 10(b) and Rule 10b-5(c) (Count VI). (*Id.*).

On October 31, 2018, after unsuccessfully attempting to serve Defendant Walsh multiple times, Plaintiff moved for the Court to approve alternative service on Walsh. (DE 34). I granted the Motion and Plaintiff subsequently filed a summons returned executed as to Defendant Walsh. (DE 36; DE 38).

On November 11, 2018, Defendant Walsh moved for a ninety-day extension to respond to the Complaint. (DE 39). I granted the motion in part and directed Walsh to file his response by December 14, 2019. (DE 41). On that deadline, Defendant Walsh filed his Answer (through his attorney Glen J. Criscione). (DE 44).

2

On December 26, 2018, Defendant Walsh moved to modify the trial date. (DE 45). Before I ruled on that Motion, Attorney Criscione moved to withdraw from this lawsuit. (DE 46). In making that request, Attorney Criscione stated that he attempted to communicate with Defendant Walsh regarding terms of representation, but Walsh never answered the emails. (*Id.* at 2 ¶ 4). I granted the Motion to modify the trial date and reset the trial for December of 2019. (DE 47). I also granted Attorney Criscione's motion to withdraw and instructed Defendant Walsh to obtain replacement counsel or enter a *pro se* notice of appearance by February 4, 2019. (DE 48).

Defendant Walsh did not take either of those actions. In fact, Defendant Walsh has not filed anything in this litigation since December 26, 2018 (when he moved to modify the trial date). This means that to date Walsh has not submitted his required initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(D). That is the case even though Plaintiff has attempted to contact Walsh about his failure to submit the initial disclosures, and Walsh failed to respond to Plaintiff. (*See* DE 50 at 6; DE 50-1). Plaintiff also sent Defendant Walsh a first set of interrogatories on February 7, 2019. (*Id.*). Walsh has not responded to those interrogatories and the deadline to do so was months ago.

On March 19, 2019, Plaintiff again attempted to communicate with Walsh via email. (DE 50-3). In the March 19 email, Plaintiff reiterated that Defendant Walsh has failed to comply with several court orders and that Walsh has failed to participate in this litigation in any manner. (*Id.*). Plaintiff asked Defendant Walsh to respond to the email by March 22, 2019, but Walsh did not respond.[1] (*Id.*).

Walsh's consistent attempts to evade his obligation of defending this lawsuit lead Plaintiff to file the present Motion. (DE 50). In this Motion, Plaintiff initially requests that I strike Walsh's Answer as a

---

[1] The only evidence of Walsh's participation in this litigation (since December 26, 2018) is a letter Walsh apparently sent to the Court on February 14, 2019. (DE 50-2). The letter is attached to Plaintiff's Motion; however, it was not separately filed on the docket. In the letter, Walsh requested an extension of time to obtain representation in this matter. (*Id.*). However, Walsh did not provide reasoning that would justify granting that relief. Additionally, Walsh has not responded to the present Motion, filed in April 2019, or participated in this litigation in any manner since sending this letter. I therefore find that the existence of the letter does not alter the present analysis.

3

sanction pursuant to Federal Rule of Civil Procedure 37. Plaintiff then requests that default judgment be entered against Walsh.

## ANALYSIS

### I.  Striking of Walsh's Answer

Federal Rule of Civil Procedure 37(b)(2), titled "failure to comply with a court order" provides:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> *(iii) striking pleadings in whole or in part;*
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> *(vi) rendering a default judgment against the disobedient party;* or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2) (emphasis added). Additionally, if a party fails to provide the initial disclosures (under Rule 26), the Court may impose any of those enumerated sanctions on the party who failed to comply. *See* Fed. R. Civ. P. 37(c)(1)(C). And, if a party fails to respond to interrogatories the Court may impose similar sanctions for such failure to respond. *See* Fed. R. Civ. P. 37(d)(3).

Under Rule 37, the "decision to dismiss a claim or enter default judgment 'ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993). *See Buchanan v. Bowman*, 820 F.2d 359, 360-62 (11th Cir. 1987) (affirming district court's

decision to strike the defendant's answer and subsequently entering default judgment against the defendant for defendant's failure to comply with discovery orders).

Because Defendant Walsh failed to serve his initial disclosures, sanctions under Rule 37(c)(1)(C) are appropriate. Walsh has also failed to comply with Court orders; namely, the order requiring him to retain replacement counsel or enter a notice that he is proceeding *pro se*. Walsh has also failed to respond to Plaintiff's interrogatories, making the imposition of sanctions under Rule 37(d)(3) appropriate. Overall, Walsh has failed to participate in this litigation even though Plaintiff has continuously attempted to contact Walsh.

In light of Walsh's continuous lack of compliance with court orders, failure to respond to Plaintiff's interrogatories, and his otherwise lack of involvement with this litigation, I will strike Walsh's Answer. With Defendant Walsh's Answer stricken, I will proceed to determine whether Plaintiff is entitled to default judgment as to Walsh.

I find that there is no lesser sanction available under these circumstances, as Walsh's continuous and willful disregard of obligations imposed by this Court demonstrates that he has abandoned defending this case. This willful disregard included Walsh's limited actions in this case, which were mainly motions for extensions of time. And once Walsh stopped participating with this litigation, he completely disregarded all communications from Plaintiff and all obligations imposed by the Court. I also find that Plaintiff will be prejudiced if the Answer is not stricken, as this case would remain stalled without the entry of a default judgment.

## II. Default Judgment Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a

substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). A "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370, n.41 (11th Cir. 1997).

If the complaint states a claim, the court must then determine the amount of damages and, if necessary, "may conduct hearings . . . to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, where the amount of damages requested is "a liquidated sum or one capable of mathematical calculation," no hearing is needed. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Default Judgment Application

Counts I-VI of the Complaint allege violations of Sections 17(a) and 10(b) of the Securities Act and Rule 10b-5 of the Exchange Act. "To prove a 10(b) violation, the SEC must show (1) material misrepresentations or materially misleading omissions, (2) in connection with the purchase or sale of securities, (3) made with scienter." *S.E.C. v. Merchant Capital, LLC*, 483 F.3d 747, 766 (11th Cir. 2007). "To show a violation of section 17(a)(1), the SEC must prove (1) material misrepresentations or materially misleading omissions, (2) in the offer or sale of securities, (3) made with scienter." *Id.* "Finally, to show that the defendants violated section 17(a)(2) or 17(a)(3), the SEC need only show (1) material misrepresentations or materially misleading omissions, (2) in the offer or sale of securities, (3) made with negligence." *Id.*

Because these standards are similar, Plaintiff combines the analysis for all counts into a single argument. (DE 50 at 16). By doing so, it is unclear which facts apply to which count. It is also unclear whether Plaintiff is attempting to obtain default judgment for all of the counts brought against Walsh or for only some of those counts. Therefore, I will require Plaintiff to supplement the present Motion and separately state each count against Walsh and the facts supporting the default request for that count.

6

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion (DE 50) is taken under advisement.

2. Defendant Walsh's Answer (DE 44) is **STRICKEN.**

3. Plaintiff is **DIRECTED** to supplement his motion, as described above, by **December 3, 2019.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 21 day of November, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record;
Joseph J. Walsh, Sr.
9250 Belvedere Road
Suite 101
Royal Palm Beach, FL 33411
PRO SE