UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81038-MIDDLEBROOKS

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**Palm House Hotel, LLLP,** *et al.***,**

    Defendants and Relief Defendants.

_____/

### DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JOSEPH J. WALSH, SR.

The matter before the Court is Plaintiff Securities and Exchange Commission's (the "Commission"): (i) Motion to Strike Defendant Joseph J. Walsh, Sr.'s ("Walsh") Answer and Entry of Default Judgment Against Him Pursuant to Fed. R. Civ. P. 37; and (ii) Supplemental Motion for Entry of Default Judgment Against Defendants Walsh, Palm House Hotel LLLP ("PHH"), and South Atlantic Regional Center, LLC ("SARC"), and Relief Defendant United States Regional Economic Development Authority LLC, d/b/a/ EB5 Petition ("USREDA"), for failure to plead or otherwise defend. Walsh, PHH, SARC, and USREDA have not responded to the Commission's motions for entry of default judgments.

Having considered the Commission's motion and the record, the Court enters the following findings of fact and conclusions of law:

1.    On August 3, 2018, the Commission filed a Complaint against Defendants Walsh, PHH, SARC, and Robert V. Matthews, and Relief Defendants 160 Royal Palm, LLC and USREDA. [D.E. 1].

2. Walsh was properly served with a summons and a copy of the Complaint pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure after the Commission moved for approval of alternative methods of service which the Court granted on November 6, 2018 [D.E. 36). Thus, Walsh has proper notice of this action.

3. Walsh filed his Answer on December 14, 2018. [D.E. 44.]

4. On January 18, 2019, the Court granted a motion to withdraw as counsel filed by Criscione Ravala, LLP, the then attorney of record for Walsh, and ordered Walsh to retain new counsel on or before February 4, 2019 or to advise the Court if he intended to proceed *pro se* and, if so, to include in the notice his current residential address. [D.E. 48.] The Court also directed the Commission to serve all papers on Walsh by email to his personal email address and to the offices of Walsh's attorneys in China, Lehman, Lee & Xu. [*Id.*]

5. Notwithstanding the Court's January 18, 2019 order setting a February 4, 2019 deadline for Walsh to obtain new counsel or advise the Court if he intended to proceed *pro se*, Walsh did not comply with the order.

6. On February 7, 2019, the Commission sent a letter to Walsh – both to his personal email address and to Defendants' counsel in China – which provided notice that the deadline for Walsh to obtain new counsel or advise the Court that he intended to proceed *pro se* had passed. The February 7th letter also informed Walsh of the Court's two case scheduling orders [D.E. 26, 47], which were enclosed with the letter, and that Walsh was required to comply with pretrial discovery in accordance with S.D. Fla. L.R. 16.1 and 26.1, the Federal Rules of Civil Procedure and this Court's orders. [*Id.*] The February 7th letter further informed Walsh that he was required to make initial disclosures pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure and enclosed the Commission's First Set of Interrogatories which Walsh was required to answer

2

by March 11, 2019. Fed. R. Civ. P. 33(b)(2). Finally, the February 7th letter requested Walsh to contact the Commission's counsel to provide available dates during the first two weeks of April for Walsh's deposition. Walsh never responded to the Commission's February 7th letter.

7. On March 19, 2019, the Commission's counsel sent Walsh an email underscoring the fact that in addition to not responding to the Commission's communications, he had also failed to comply with his discovery obligations and this Court's orders. The March 19th email requested Walsh to contact the Commission's counsel to discuss the outstanding matters no later than March 22, 2019. Walsh never responded to the Commission's March 19th letter.

8. To date, Walsh has not: (i) advised the Court that he intends to proceed *pro se*; (ii) provided the Court with a residential address; (iii) provided initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(D); (iv) served his answers, objections, or any written response to the Commission's First Set of Interrogatories pursuant to Fed. R. Civ. P. 33(b)(2); or (iv) provided Commission counsel with deposition dates despite numerous requests.

9. On November 21, 2019, the Court ordered, among other things, that Walsh's Answer be stricken. [D.E. 68.]

10. Upon entry of default, the well-pleaded allegations of a complaint are deemed admitted. *Buchanan v. Bowman*, 820 F.2d 359, 360 (11th Cir. 1987); *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When a defendant fails to defend an action and a default has been entered, his liability for violations of the federal securities laws as alleged in the complaint, and the propriety of the relief sought, is deemed established. *Buchanan*, 820 F.2d at 360; *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

**ACCORDINGLY**, after due consideration, it is **ORDERED AND ADJUDGED** that the Commission's motions for entry of default judgment against Walsh are **GRANTED** as follows:

**I.**

### SECTION 10(b) AND RULE 10b-5
### OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS ORDERED AND ADJUDGED** that Walsh is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) Walsh's qualifications to advise investors, or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Walsh's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Walsh or with anyone described in (a).

## II.

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Walsh is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1)   to employ any device, scheme, or artifice to defraud;

(2)   to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or

in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment strategy or investment in securities,

    (b) the prospects for success of any product or company,

    (c) the use of investor funds,

    (d) compensation to any person,

    (e) Walsh's qualifications to advise investors, or

    (f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Walsh's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Walsh or with anyone described in (a).

### III.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Walsh shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.

IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

**SIGNED** in Chambers in West Palm Beach, Florida, this ___ day of _____, ____.

_____
**DONALD M. MIDDLEBROOKS**
**UNITED STATES DISTRICT JUDGE**