UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81038-MIDDLEBROOKS



SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

Palm House Hotel, LLLP, *et al.*,

    Defendants and Relief Defendants.

_____/

## DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT SOUTH ATLANTIC REGIONAL CENTER, LLC

The matter before the Court is Plaintiff Securities and Exchange Commission's (the "Commission"): (i) Motion for Entry of Default Judgment Against Defendants Palm House Hotel, LLLP ("PHH") and South Atlantic Regional Center, LLC ("SARC"), and Relief Defendant United States Regional Economic Development Authority LLC, d/b/a EB5 Petition ("USREDA"); and (ii) Supplemental Motion for Entry of Default Judgment Against Defendants Joseph J. Walsh, Sr. ("Walsh"), PHH, and SARC, and Relief Defendant USREDA, for failure to plead or otherwise defend. (DE 59; DE 72). Defendants have not responded to the Commission's motions for entry of default judgments.

Having considered the Commission's motions and the record, the Court enters the following findings of fact and conclusions of law:

    1.    On August 3, 2018, the Commission filed a Complaint against Defendants Walsh, PHH, SARC, and Robert V. Matthews, and Relief Defendants 160 Royal Palm, LLC and USREDA. [D.E. 1].

2. On August 6, 2018, the Commission served PHH with process by serving its agent, Kara Stover for Corporation Service Company, Registered Agent for PHH, in accordance with Fed. R. Civ. P. Rule 4 and Fla. Stat. § 48.061. [D.E. 4].

3. On August 7, 2018, the Commission served SARC with process by serving its agent, Laurie Hart for Registered Agents, Inc., Registered Agent for SARC, in accordance with Fed. R. Civ. P. Rule 4 and Fla. Stat. § 48.062. [D.E. 8].

4. On August 7, 2018, the Commission served USREDA with process by serving its agent, Laurie Hart for Registered Agents, Inc., Registered Agent for USREDA, in accordance with Fed. R. Civ. P. Rule 4 and Fla. Stat. § 48.062. [D.E. 9].

5. PHH's answer was initially due on August 27, 2018, and SARC's and USREDA's answers were initially due on August 28, 2018, but the Court granted Walsh's motion for an extension of time for PHH, SARC, and USREDA to respond to the Complaint through September 28, 2018. [D.E. 13.]

6. PHH, SARC, and USREDA each failed to file an answer or other responsive pleading to the Complaint by the September 28, 2018 deadline imposed by the Court.

7. Consequently, the Clerk entered defaults for failure to plead or otherwise defend as to PHH, SARC, and USREDA, respectively, on October 16, 2018 [D.E. 28].

8. As of the date of this Order, PHH, SARC, and USREDA have neither answered the Commission's Complaint nor otherwise pled in accordance with the Federal Rules of Civil Procedure. They are therefore in default.

9. Upon entry of default, the well-pleaded allegations of a complaint are deemed admitted. *Buchanan v. Bowman*, 820 F.2d 359, 360 (11th Cir. 1987); *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When a defendant fails to defend

an action and a default has been entered, his liability for violations of the federal securities laws as alleged in the complaint, and the propriety of the relief sought, is deemed established. *Buchanan*, 820 F.2d at 360; *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).

**ACCORDINGLY**, after due consideration, it is **ORDERED AND ADJUDGED** that the Commission's motions for entry of default judgment against SARC are **GRANTED** as follows:

### I.

### SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that SARC is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or

3

in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment strategy or investment in securities,

    (b) the prospects for success of any product or company,

    (c) the use of investor funds,

    (d) compensation to any person,

    (e) the qualifications of control persons to advise investors, or

    (f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) SARC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with SARC or with anyone described in (a).

## II.

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that SARC is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (1)    to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment strategy or investment in securities,

(b) the prospects for success of any product or company,

(c) the use of investor funds,

(d) compensation to any person,

(e) the qualifications of control persons to advise investors, or

(f) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) SARC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with SARC or with anyone described in (a).

### III.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that SARC shall pay disgorgement of

5

ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Any such motion shall be filed by the Commission within twenty days of the forthcoming order closing this case.

## IV.

## **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

## VI.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that, consistent with this order, **FINAL DEFAULT JUDGMENT** is entered against Defendant South Atlantic Regional Center, LLC.

**SIGNED** in Chambers at West Palm Beach, Florida, this 17 day of December, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record;
South Atlantic Regional Center, LLC
9250 Belvedere Road
Suite 101
Royal Palm Beach, FL 33411
PRO SE